UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————————X

THE ANNUITY, WELFARE AND APPRENTICESHIP
SKILL IMPROVEMENT & SAFETY FUNDS OF THE
INTERNATIONAL UNION OF OPERATING ENGINEERS
LOCAL 15, 15A, 15C & 15D, AFL-CIO, BY THEIR
TRUSTEES JAMES T. CALLAHAN, THOMAS A.
CALLAHAN, MICHAEL SALGO and DENISE M.
RICHARDSON, CENTRAL PENSION FUND OF THE
INTERNATIONAL UNION OF OPERATING ENGINEERS,
BY ITS CHIEF EXECUTIVE OFFICER MICHAEL R.
FANNING, and INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 15, 15A, 15C & 15D, AFL-CIO BY
ITS PRESIDENT & BUSINESS MANAGER THOMAS
A. CALLAHAN,

**COMPLAINT**

18-CIV- 5986

Plaintiffs,

-against-

SCIAME CONSTRUCTION, LLC,

Defendant.

—————————————————————————————X

Plaintiffs THE ANNUITY, WELFARE AND APPRENTICESHIP SKILL

IMPROVEMENT & SAFETY FUNDS OF THE INTERNATIONAL UNION OF OPERATING

ENGINEERS LOCAL 15, 15A, 15C & 15D, AFL-CIO ("LOCAL 15 TRUST FUNDS"),

CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING

ENGINEERS ("CPF") and INTERNATIONAL UNION OF OPERATING ENGINEERS

LOCAL 15, 15A, 15C & 15D, AFL-CIO ("LOCAL 15"), by their attorneys, BRADY McGUIRE

& STEINBERG, P.C., for their Complaint, respectfully allege:

1.      This is an action arising under the Employee Retirement Income Security Act of

1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") and Section 301 of the Labor

Management Relations Act of 1947, as amended, 29 U.S.C. § 185 et seq. ("LMRA") to recover

fringe benefit contributions owed to employee fringe benefit trust funds and supplemental union

dues and political action committee payments owed to a labor organization based upon the

breach of the terms and conditions of a collective bargaining agreement.

## JURISDICTION

2.      The subject matter jurisdiction of this Court is invoked pursuant to Sections 502

and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, along with Section 301(a) of the LMRA, 29

U.S.C. § 185(a).

3.      Venue is properly laid in the Southern District of New York pursuant to Section

502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and Section 301(c) of the LMRA, 29 U.S.C. §

185(c), in that, Defendant's principal office for the transaction of business is located in the City

of New York, County of The Bronx, State of New York.

## THE PARTIES

4.      Plaintiffs LOCAL 15 TRUST FUNDS are joint trustee funds established by

various trust indentures pursuant to Section 302 of the LMRA, 29 U.S.C. § 186.

5.      JAMES T. CALLAHAN, THOMAS A. CALLAHAN, MICHAEL SALGO and

DENISE M. RICHARDSON are Trustees of Plaintiffs LOCAL 15 TRUST FUNDS and are

"fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6.      The LOCAL 15 ANNUITY FUND is an employee pension benefit plan within the

meaning of Section 3(2) of ERISA, as amended, 29 U.S.C. § 1002(2) and established for the

purpose of providing retirement income to eligible participants.

7.      The LOCAL 15 WELFARE and APPRENTICESHIP SKILL IMPROVEMENT &

SAFETY FUNDS are employee welfare benefit plans within the meaning of Section 3(1) of

ERISA, 29 U.S.C. § 1002(1) and established for the purpose of providing medical, medical reimbursement, vacation and other benefits to eligible participants.

8.    Plaintiff LOCAL 15 TRUST FUNDS constitute multi-employer/employee benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

9.    Plaintiff CPF is a joint trustee fund established by a trust indenture pursuant to Section 302 of the LMRA, 29 U.S.C. § 186 which maintains its principal place of business at 4115 Chesapeake Street, N.W. in Washington, DC.

10.    MICHAEL R. FANNING is the Chief Executive Officer of Plaintiff CPF and is a "fiduciary" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

11.    Plaintiff CPF is an employee pension benefit plan within the meaning of Section 3(2) of ERISA, as amended, 29 U.S.C. § 1002(2) and established for the purpose of providing retirement income to eligible participants.

12.    Plaintiff CPF constitutes a multi-employer/employee benefit plan within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

13.    Plaintiff LOCAL 15 is a labor organization as defined in Section 2 of the LMRA, 29 U.S.C. § 152 et seq.. having its principal office for the transaction of business at 44-40 11th Street, Long Island City, New York.

14.    THOMAS A. CALLAHAN is the President & Business Manager of Plaintiff LOCAL 15.

15.    Upon information and belief, Defendant SCIAME CONSTRUCTION, LLC ("SCIAME") was and still is a New York corporation with its principal place of business at 14 Wall Street, 2nd Floor, New York, New York.

16.     Upon information and belief, Defendant SCIAME was and still is a foreign corporation duly licensed to do business in the State of New York.

17.     Upon information and belief, Defendant SCIAME was and still is a foreign corporation doing business in the State of New York.

18.     Upon information and belief, Defendant SCIAME is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and Section 301 of the LMRA, 29 U.S.C. § 185.

## BACKGROUND INFORMATION

19.     At all times relevant hereto, Plaintiff LOCAL 15 and Defendant SCIAME have been parties to a collective bargaining agreement as a result of said Defendant's membership in the Building Contractors Association, Inc. and Defendant SCIAME agreed to be bound by the terms and conditions thereof (hereafter referred to as the "Collective Bargaining Agreement").

20.     Pursuant to the terms of the Collective Bargaining Agreement, Defendant SCIAME is obligated to remit, at specified rates, contributions to Plaintiffs LOCAL 15 TRUST FUNDS and Plaintiff CPF based upon each straight and overtime hour of worked performed by those employees covered by the Collective Bargaining Agreement.

21.     Pursuant to the terms of the Collective Bargaining Agreement, Defendant SCIAME is obligated to remit, at specified rates, employee allocated supplemental union dues and political action committee payments to Plaintiff LOCAL 15 based upon each straight and overtime hour of work performed by those employees covered by the Collective Bargaining Agreement.

## AS AND FOR A FIRST CAUSE OF ACTION
## (BREACH OF COLLECTIVE BARGAINING AGREEMENT)

22.     Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 21 inclusive with the same force and effect as though more fully set forth at length herein.

23.     In accordance with the Collective Bargaining Agreement and the Trust Agreements establishing Plaintiffs LOCAL 15 TRUST FUNDS, Defendant SCIAME consented to the performance of an audit of its books and records to determine whether said Defendant had made all of the required fringe benefit contribution payments to Plaintiffs LOCAL 15 TRUST FUNDS and Plaintiff CPF as well as all supplemental union dues and political action committee payments to Plaintiff LOCAL 15 in accordance with the Collective Bargaining Agreement for the period of July 1, 2013 through June 30, 2017.

24.     That on or about June 5, 2018, the results of said audit were detailed by the auditor for Plaintiffs in a report which determined that Defendant SCIAME had failed to provide the contractually required fringe benefit contributions with interest along with the required supplemental union dues and political action committee payments for the period of July 1, 2013 through June 30, 2017 in the amount of $12,801.02.

25.     Defendant SCIAME has failed to pay any portion of the outstanding amount owed in fringe benefit contributions with interest to Plaintiffs LOCAL 15 TRUST FUNDS and Plaintiff CPF in the amount of $11,861.42.

26.     Defendant SCIAME has failed to pay any portion of the outstanding amount owed in supplemental union dues and political action committee payments to Plaintiff LOCAL 15 in the amount of $939.60.

27.    Accordingly, as a direct and proximate result of the defaults, omissions and breaches of the Collective Bargaining Agreement by Defendant SCIAME, said Defendant is liable to Plaintiffs LOCAL 15 TRUST FUNDS, CPF and LOCAL 15, collectively, in the amount of $12,801.02.

## AS AND FOR A SECOND CAUSE OF ACTION
### (BREACH OF ERISA OBLIGATIONS)

28.    Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 27 inclusive with the same force and effect as though more fully set forth at length herein.

29.    The failure of Defendant SCIAME to make the required fringe benefit contribution payments to Plaintiffs LOCAL 15 TRUST FUNDS and Plaintiff CPF for the period audited of July 1, 2013 through June 30, 2017 in the amount of $11,861.42 is a violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

30.    Defendant SCIAME remains delinquent in remitting the proper amount owed in fringe benefit contributions and has failed to pay any portion of the outstanding contributions owed to Plaintiffs LOCAL 15 TRUST FUNDS and Plaintiff CPF as detailed above.

31.    Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to the Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff Trust Fund's Plan, or if none, at the rate set forth in the United States Internal Revenue Code at

26 U.S.C. § 6621; (c) statutory damages; (d) reasonable attorneys' fees; (e) auditor's fees; and (f) the costs and disbursements of the action.

32.    Accordingly, as a direct and proximate result of the breach of the Collective Bargaining Agreement by Defendant SCIAME and as a result thereof having violated Section 515 of ERISA, 29 U.S.C. § 1145, said Defendant is liable to Plaintiffs LOCAL 15 TRUST FUNDS and Plaintiff CPF in the amount of $11,861.42, together with accumulated interest on the unpaid and/or untimely paid principal amount due and owing, liquidated damages, reasonable attorneys' fees, auditor's fees in the amount of $2,751.25, and the costs and disbursements incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

**WHEREFORE**, Plaintiffs LOCAL 15 TRUST FUNDS, CPF and LOCAL 15 demand judgment on the First Cause of Action as follows:

1.    Of Defendant SCIAME CONSTRUCTION, LLC in the amount of contributions with interest along with supplemental union dues and political action committee payments due and owing in the amount of $12,801.02.

**WHEREFORE**, Plaintiffs LOCAL 15 TRUST FUNDS and CPF demand judgment on the Second Cause of Action as follows:

1.    Of Defendant SCIAME CONSTRUCTION, LLC in the amount of contributions with interest due and owing in the amount of $11,861.42, together with:

      a.    Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by the Defendant, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

      b.    Liquidated damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

c.   Attorneys' fees, auditor's fees in the amount of $2,751.25, costs and
disbursements in accordance with Section 502(g)(2)(D) of ERISA, 29
U.S.C. § 1132(g)(2)(D); and

d.   Such other and further relief as the Court may deem just and proper in
accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)
(E).

Dated: Tarrytown, New York
       July 2, 2018

Yours, etc.

BRADY McGUIRE & STEINBERG, P.C.

By:   James M. Steinberg (JS-3515)
      Attorneys for Plaintiffs
      I.U.O.E. Local 15 Trust Funds, the Central
      Pension Fund & I.U.O.E. Local 15
      303 South Broadway, Suite 234
      Tarrytown, New York 10591
      (914) 478-4293